ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 18, 2005

The Honorable Rex Emerson
Kerr County Attorney
700 Main Street, Suite BA-103
Kerrville, Texas 78028

Opinion No. GA-0375

Re: Whether section 6.05(f) of the Tax Code bars the continued employment of a county appraisal district employee after the employee marries the same county's tax assessor-collector (RQ-0346-GA)

Dear Mr. Emerson:

You ask whether section 6.05(f) of the Tax Code, which governs the operation of an appraisal district office, bars the continued employment of a county appraisal district employee after the employee marries the same county's tax assessor-collector.[1] *See* TEX. TAX CODE ANN. § 6.05(f) (Vernon 2001).

Chapter 6 of the Tax Code pertains to the property tax system's local administration. Under subchapter A, appraisal districts are established as political subdivisions in each county to appraise property in the district for each taxing unit that imposes ad valorem taxes on property in the district. *See id.* § 6.01. An appraisal district is governed by its board of directors, which consists of five directors appointed by the taxing units that participate in the appraisal district. *See id.* § 6.03(a) (Vernon Supp. 2005). If the county tax assessor-collector is not appointed to serve as one of the five directors, the assessor-collector generally serves as a sixth, nonvoting director. *See id.* Section 6.035(a) restricts a board member's eligibility if the member's relative appraises property for pay:

> An individual is ineligible to serve on an appraisal district board of directors . . . if the individual:
>
> (1) is related within the second degree by consanguinity or affinity . . . to an individual who is engaged in the business of appraising property for compensation for use in proceedings under

---

[1]*See* Brief accompanying letter from Honorable Rex Emerson, Kerr County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (May 20, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Brief]; *see also* Zeke MacCormack, *Kerr official's marriage on hold over concerns*, SAN ANTONIO EXPRESS-NEWS, June 5, 2005, *available at* http://www.mysanantonio.com/news/metro/stories/MYSA060505.7B.kerr_love.2e18440f9.html (last visited Nov. 15, 2005).

this title or of representing property owners for compensation in proceedings under this title in the appraisal district . . . .

*Id.* § 6.035(a)(1) (Vernon 2001).

Under section 6.05, an appraisal district may establish an appraisal office and appoint a chief appraiser. *See id.* § 6.05(a), (c). Although the chief appraiser has authority to employ necessary personnel generally, under section 6.05(f) the chief appraiser may not employ a close relative of a board member:

> [t]he chief appraiser may not employ any individual related to a member of the board of directors within the second degree by affinity or within the third degree by consanguinity . . . . A person commits an offense if the person intentionally or knowingly violates this subsection. An offense under this subsection is a misdemeanor punishable by a fine of not less than $100 or more than $1,000.

*Id.* § 6.05(f); *see also id.* § 6.05(d) (authorizing a chief appraiser to hire personnel). For purposes of sections 6.035(a) and 6.05(f), spouses are related to each other within the first degree by affinity. *See* TEX. GOV'T CODE ANN. §§ 573.024(a), .025(a) (Vernon 2004).

Given sections 6.035 and 6.05(f), you are concerned about possible implications if the county assessor-collector marries an employee of the county appraisal district, and you ask whether either of them will forfeit his or her position by virtue of their marriage. *See* Request Brief, *supra* note 1, at 1. In resolving the issue, you ask us to assume certain facts:

> 1. that the [appraisal district employee's] primary duty . . . is to appraise property;
>
> 2. that the employee is paid a salary to perform his appraisal duties;
>
> 3. that the employee has been appraising property for the [appraisal district] since on or about December 18, 2000;
>
> 4. that the [tax assessor-collector] and the employee . . . were not acquainted at the time the employee became employed by the [appraisal district]; and
>
> 5. that the [assessor-collector] has attempted to resign the position as a nonvoting director of the District, desires no further official relationship with the District as a nonvoting director, and is willing, if helpful or necessary, to appoint a replacement from the County tax office to serve as the nonvoting director.

*Id.* at 1-2.

You ask preliminarily whether Tax Code sections 6.035(a) and 6.05(f) apply to a nonvoting member of the appraisal district board. *See id.* at 2. Section 6.035(a) refers to an individual's eligibility "to serve on an appraisal district board of directors." TEX. TAX CODE ANN. § 6.035(a) (Vernon 2001). Section 6.05(f) forbids the employment of "any individual related to a member of the board of directors." *Id.* § 6.05(f). Neither section 6.035(a) nor section 6.05(f) facially distinguishes between individuals who serve on the appraisal district board and who have authority to vote and those who do not have such authority. Further, section 6.03(a) plainly states that the assessor-collector serves as a director, albeit a "nonvoting director." *Id.* § 6.03(a) (Vernon Supp. 2005). Reading sections 6.03(a), 6.035(a), and 6.05(f) consistently with their plain language, we conclude that the tax assessor-collector, a nonvoting member of the appraisal district board, serves on an appraisal district board for purposes of section 6.035(a) and is a member of the board for purposes of section 6.05(f).

We do not believe, however, that section 6.035(a) applies to a board member's relationship with an appraisal district employee. Under section 6.035(a), an individual is ineligible to serve on the appraisal district's board of directors if the individual's spouse "is engaged in the *business* of appraising property for compensation for use in proceedings under this title." *Id.* § 6.035(a)(1) (Vernon 2001) (emphasis added). Regarding this provision, you ask whether an appraisal district employee is engaged in the business of appraising property for compensation for use in tax appraisal, assessment, and collection proceedings. *See* Request Brief, *supra* note 1, at 3.

Neither the statute nor any Texas judicial opinion defines the phrase "engaged in the business of appraising property" nor the single word "business." We are to read statutory words and phrases "in context" and define them "according to . . . common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). First, with respect to the context, the term "business" in section 6.035(a)(1) is unmodified. *Cf., e.g., id.* § 25.003(b) (Vernon 2004), § 2171.055(e) (Vernon Supp. 2005) (referring to "county business"); TEX. LOC. GOV'T CODE ANN. §§ 24.025(b), 25.029(a) (Vernon 1999) (referring to "municipal business"); *id.* § 203.022(a)(2) (referring to "government business"). Additionally, the legislature enacted section 6.05(f) specifically to regulate appraisal district employees. *See* TEX. TAX CODE ANN. § 6.05(f) (Vernon 2001). Consequently, it seems unlikely that the legislature also intended section 6.035(a)(1) to apply to appraisal district employees.

Second, the unmodified term "business" commonly connotes activity for commercial profit, not governmental activity. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (stating that statutory words must be construed consistently with "common usage"); THE NEW OXFORD AMERICAN DICTIONARY 234 (2001) (defining "business" to mean "the practice of making one's living by engaging in commerce"); BLACK'S LAW DICTIONARY 192 (7th ed. 1999) (defining "business" as "[a] commercial enterprise carried on for profit"); *cf. Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 644 (Tex. 2005) (stating that a business pursuits exclusion provision in an insurance contract involves "a profit motive"). Several statutes define the unmodified term "business" consistently with this connotation. For example, for purposes of the Business Organizations Code, the term "business" means "a trade, occupation, profession, or other commercial activity." TEX. BUS. ORG. CODE ANN. § 1.002(5) (Vernon 2004-05). Chapter 277 of the Finance Code, relating to business checking accounts, defines the term to mean "a legal entity . . . formed for the purpose of

making a profit." TEX. FIN. CODE ANN. § 277.001(1) (Vernon Supp. 2005); *see also, e.g., id.* § 278.001(2) (defining the phrase "currency transmission business" to mean engaging in currency transmission "as a service or for profit"); TEX. GOV'T CODE ANN. §§ 2006.001(1), (2), .011(2) (Vernon 2000) (defining the terms "micro-business" and "small business" as legal entities formed for the purpose of making a profit); TEX. HEALTH & SAFETY CODE ANN. § 144.002(9) (Vernon 2001) (defining "rendering business" as the collection of renderable raw materials "for commercial purposes"). Given the context and this common connotation of the term "business," we construe the statutory phrase "engaged in the business of appraising property" to mean an individual who appraises property for commercial profit.

Section 6.035(a) thus applies if a tax assessor-collector is related in a prohibited degree to such an individual. An appraisal district is a political subdivision of the state and a governmental entity; it does not operate for commercial profit. *See* TEX. TAX CODE ANN. § 6.01(c) (Vernon 2001). Given that the appraisal district employee works for a governmental entity that does not operate for commercial profit, section 6.035(a) does not apply to the assessor-collector's continued eligibility to serve on the appraisal district board.

Next, we consider the applicability of section 6.05(f), under which the chief appraiser may not employ a board member's spouse. *See id.* § 6.05(f); Request Brief, *supra* note 1, at 2-3. On its face, section 6.05(f) prohibits the individual's continued employment with the appraisal district once he becomes the tax assessor-collector's spouse. *See* TEX. TAX CODE ANN. § 6.05(f) (Vernon 2001).

You question, however, whether the continuous-employment exception to the general statutory nepotism prohibition, found in Government Code chapter 573, may apply here to modify the absolute prohibition contained in section 6.05(f). *See* Request Brief, *supra* note 1, at 3. *See generally* TEX. GOV'T CODE ANN. ch. 573 (Vernon 2004). Government Code section 573.041 prohibits a public official from appointing an individual to a position paid with public funds if "the individual is related to the public official within a [specified] degree," including the first degree by affinity. *Id.* § 573.041. Under section 573.062, the "continuous-employment exception," section 573.041 does not apply to the employment of an individual who is in a position that he or she has held continuously for a specified period of time before the public official is elected or appointed. *See id.* § 573.062(a)(1); *see also id.* § 573.001(3)(A), (B) (defining "public official"). This office determined in Attorney General Opinion GA-0187, a 2004 opinion, that the plain language of the continuous-employment exception in section 573.062 of the Government Code does not override the employment prohibition in section 6.05(f) of the Tax Code. *See* Tex. Att'y Gen. Op. No. GA-0187 (2004) at 6. Given that the statutory continuous-employment exception does not apply in the context of section 6.05(f), Tax Code, we conclude that the appraisal district employee may not remain employed with the appraisal district after the marriage.

You ask whether, "[u]nder the circumstances of this case, upon learning that" the appraisal district employee and the tax assessor-collector have married, "the chief appraiser commit[s] an offense if he does not terminate the appraiser immediately, or at the conclusion of the pay period." Request Brief, *supra* note 1, at 3. Section 6.05(f) prohibits the chief appraiser from employing a board member's close relative. TEX. TAX CODE ANN. § 6.05(f) (Vernon 2001). "*A person* commits

an offense if the person intentionally or knowingly violates this subsection." *Id.* (emphasis added). Because section 6.05(f) restricts the actions of the chief appraiser, we believe the person who may commit an offense by intentionally or knowingly violating the prohibition is the chief appraiser.

Previous opinions of this office interpreting the state's anti-nepotism laws suggest that the employee may retain his employment until the end of his contract with the appraisal district or, in the absence of a contract, until the end of the pay period during which his marriage occurs. *See* Tex. Att'y Gen. Op. Nos. DM-132 (1992) at 6-7 (stating that this office has concluded in numerous opinions "that contract employees who lose their positions because of the nepotism law may remain employed for the remainder of the employee's contract term, while at[-]will employees may remain employed only for the remainder of the pay period"); M-857 (1971) at 4 (equating at-will employment with a month-to-month employment relationship); Tex. Att'y Gen. LO-89-53, at 2 (stating that "in the absence of a valid contract for a specific term of employment, an individual must resign at the end of the pay period during which the relationship arises" to avoid violating the nepotism statute). The rationale in permitting an employee to remain employed until the end of the pay period rather than requiring an immediate termination is the fact that the nepotism statute is not violated until the employer takes action to renew the individual's contract, which implicitly occurs at the beginning of a pay period. Tex. Att'y Gen. LO-89-53, at 1. We believe the same rationale applies to section 6.05(f). You do not inform us whether the appraisal district employee has been hired for a specific contract term or on an at-will basis. Consequently, we cannot determine whether he may serve out the remainder of his contract or whether he must be terminated at the end of the pay period during which he and the tax assessor-collector marry.

You ask whether the tax assessor-collector may "'decline' or resign from the statutory position as nonvoting director or . . . appoint an 'agent' from the tax office to serve as the nonvoting director." Request Brief, *supra* note 1, at 3. No statute provides for the assessor-collector to delegate to another member of her office her responsibilities on the appraisal district board. In addition, because section 6.03(a) expressly designates the assessor-collector as a member of the appraisal district board, we believe the assessor-collector's position on the board is inseparable from the office of assessor-collector. We thus conclude she may not delegate her duties to another person in the tax assessor-collector's office, nor may she decline or resign from her nonvoting position on the appraisal district board.

Finally, you ask whether "the only resolution" is that "either the [tax assessor-collector] must resign that elected office[] or the [appraisal district employee must] resign or be discharged from employment with" the appraisal district. *Id.* at 3. That is, indeed, the unavoidable conclusion of our reading of the existing statutes. Of course, even if the tax assessor-collector resigns her office, she holds over in that position until her successor is qualified. *See* TEX. CONST. art. XVI, § 17 (declaring that all officers within this state continue to serve in office "until their successors shall be duly qualified").

## S U M M A R Y

Section 6.035(a)(1) of the Tax Code, which directs that an individual is ineligible to serve on an appraisal district board of directors if the individual is married "to an individual who is engaged in the business of appraising property for compensation for use in proceedings under this title," applies to a tax assessor-collector who serves as a nonvoting member of the board of directors under section 6.03(a) of the same code. TEX. TAX CODE ANN. § 6.035(a)(1) (Vernon 2001); *see also id.* § 6.03(a) (Vernon Supp. 2005). Similarly, section 6.05(f) of the Tax Code, which prohibits a chief appraiser from employing the spouse of "a member of the board of directors" applies to a tax assessor-collector who serves as a nonvoting member of the board of directors under section 6.03(a). *Id.* § 6.05(f) (Vernon 2001).

Nevertheless, section 6.035(a) does not apply when an appraisal district board member is married to an employee of the appraisal district. The words in section 6.035(a), "is engaged in the business of appraising property for compensation for use in proceedings under this title," *id.* § 6.035(a)(1), refer to an individual who appraises property for commercial profit. Consequently, a tax assessor-collector is eligible to serve as a nonvoting member of the appraisal district board of directors under 6.03(a) despite her marriage to an appraisal district employee.

If the chief appraiser employs the spouse of the local tax-assessor collector, who serves as a member of the appraisal district board, the chief appraiser violates section 6.05(f). The continuous-employment exception to the general anti-nepotism statute, found in Government Code chapter 573, does not apply to section 6.05(f) of the Tax Code. *See* TEX. GOV'T CODE ANN. §§ 573.041, .062(a) (Vernon 2004). Consequently, upon an appraisal district employee's marriage to the tax assessor-collector, the appraisal district cannot continue to employ him. The employee may retain his employment either until the end of his contract with the appraisal district, or if the employee is employed at-will, he may retain his employment until the end of the pay period during which his marriage occurs.

The tax assessor-collector has no authority to either decline to serve as a nonvoting member of the appraisal district board of directors under Tax Code section 6.03(a) or to appoint an agent from her office to serve in her stead.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee